*1112 OPINION.
Trttssell
: The taxpayers’ petition sets forth five specific allegations of error, recited serially in the introductory statement herein. Error number one has been conceded by the Commissioner, and in the final adjustment of deficiencies a corporate tax rate of 10 per cent should be applied. Respecting assignment of error number three, the taxpayers produced no evidence in support of their allegations, and it is, therefore, our opinion that the net consolidated taxable income of taxpayers for the year 1919 is $77,642.44, as determined by the Commissioner. There is thus left for our consideration the following issues: Whether the two appealing taxpayers were, during the year 1919, affiliated corporations and subject to having their liability to income and excess-profits taxes computed upon the basis o'f a consolidated return; whether the Commissioner’s computation of the consolidated invested capital was erroneous; and whether the Commissioner’s adjustment of excess-profits-tax liability under section 328 accorded to the appealing taxpayers the statutory measure of relief intended to be granted by said section.
During the year 1919 the Atlantic Importing Co., hereinafter called the Atlantic Co., was the owner of all of the common stock of the Shevers Ice Cream Co., hereinafter called the Shevers Co., and the Atlantic Co. also owned $24,500 par of the preferred stock of the Shevers Co. The preferred stock possessed no voting rights and its owners were entitled to no share in the management of its business.
In the Appeal of Canyon Lumber Co., 1 B. T. A. 473, the Board held that the statutory control meant the control of voting rights, all of which in the instant case were vested in the common stock and all owned by the Atlantic Co. In the Appeal of Schloss Brothers Co., 1 B. T. A. 581, the Board held that, when the ownership and control of substantially all of the common voting stock of two corporations is held by the same interests, the law required that such corporations have their income and excess-profits taxes computed on the basis of consolidated returns. We are therefore of the opinion that during the year 1919 the Atlantic Co. and the Shevers Co. were affiliated corporations, and that the Commissioner’s action in computing income and excess-profits taxes on the basis of a consolidated return must be approved.
In the reconstruction of the capital account of the Shevers Co., which took place during the years 1914 to 1916, inclusive, $25,000 par value of preferred stock was issued to two persons who are said to have had a contract with the company for selling its products and credit balances on the books of the company. Upon receiving *1113 the stock these accounts were balanced, the selling contract was canceled, and they paid to the company the sum of $2,500. The record is silent as to the amount of the credit balances, as well as to the value of the selling contract. It thus appears that of the $25,000' of preferred stock so issued $22,500 in amount was issued without any known or proven consideration.
At or about the same time, $34,100 par value of common stock was issued to the Howell-Shevers Co., apparently without the issuing company receiving any consideration whatever. This block of common stock was later acquired by the Atlantic Co. in exchange for its stock at par. But the record does not show whether, at the time the Atlantic Co. acquired this stock, it had a value equal to par, or any value whatever. And, if we may accept the balance sheets of the Shevers Co., as attached to its income-tax returns, it is the sum of these two items which the company set up in its •accounts as deferred charges.
We are therefore of the opinion that the Commissioner properly found that he was unable to determine the true invested capital of the two taxpayers, and that he was, therefore, required to determine the excess-profits tax as provided in section 328 of the Revenue Act of 1918.

Order of redetermination will he entered on 15 days’ notice, under Rule 50.

James took no part in the consideration or determination of this appeal.